UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SUSAN MCKEY

VERSUS

STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY
AND PARTH PATEL

CIVIL ACTION

NO. 19-183-BAJ-EWD

## **NOTICE AND ORDER**

On February 22, 2019 plaintiff, Susan McKey ("Plaintiff"), filed a Petition for Damages (the "Petition") against State Automobile Mutual Insurance Company ("State Auto"), Parth Patel ("Patel"), and State Farm Mutual Automobile Insurance Company ("State Farm"), for damages allegedly arising out of an April 11, 2018 automobile accident.[1]

In her Petition, Plaintiff alleges that following the accident, she reported pain associated with injuries to her shoulders, lower back, and right hip,[2] and that she was diagnosed with "[i]nterstitial myositis of unspecified site,"[3] "[m]uscle weakness," "[a]bnormal posture," "[s]prain of ligament of cervical spine," "[s]prain of ligaments of thoracic spine," and "sprain of ligaments of lumbar spine."[4] Plaintiff further alleges that an MRI impression revealed that she "suffers from: 1. Severe degeneration of disc L2-L3; 2. Disc bulge and facet arthropathy along the lumbar spine with posterior disc herniation at L2-L3 and L3-L4; 3. Changes at L2-L3 caused mild spinal canal narrowing."[5] As a result of the accident, Plaintiff seeks to recover damages for past, present, and

---

[1] R. Doc. 1-1.

[2] R. Doc. 1-1, ¶ 15.

[3] Interstitial myositis is a condition causing inflammation of the muscles. *See*, WebMD, https://www.webmd.com/a-to-z-guides/myositis-symptoms-treatments-prognosis#1 (last visited April 5, 2019).

[4] R. Doc. 1-1, ¶ 21.

[5] R. Doc. 1-1, ¶ 23.

1

future physical pain and suffering, mental pain and suffering, psychological and emotional distress, loss of enjoyment of life, anxiety, humiliation, physical impairment, inconvenience, grief, fear, disfigurement, and medical expenses.[6]

On March 28, 2019, State Auto and Patel (the "Removing Defendants") filed a Notice of Removal pursuant to 28 U.S.C. § 1332.[7] With respect to the amount in controversy, Removing Defendants explain that "State Farm provided a policy of uninsured/underinsured motorist coverage to plaintiff" that that "[o]n information and belief, plaintiff is seeking damages in excess of $75,000 because plaintiff alleges that Patel's policy with State Auto is inadequate to fully compensate her. The policy limits of the State Auto policy exceed $75,000."[8]

Although removing Defendants assert that the policy limits of the State Auto policy exceed $75,000, there is no specific information regarding the State Auto policy, nor do Removing Defendants attach the declarations page of that policy. There is no indication in the Petition or the Notice of Removal as to the amount of medical expenses incurred by Plaintiff or her medical treatment. There is no information regarding the nature and extent of Plaintiff's alleged disfigurement, or whether Plaintiff has been recommended for surgery. The allegations in the Petition and Notice of Removal are insufficient to establish the amount in controversy, and the

---

[6] R. Doc. 1-1, ¶ 13.

[7] R. Doc. 1. The Removing Defendants allege that Plaintiff is domiciled in Louisiana, that State Auto is an Ohio corporation with its principal place of business in Illinois, that Patel is domiciled in Georgia, and that State Farm is an Illinois corporation with its principal place of business in Illinois. R. Doc. 1, ¶¶ V-VIII.

[8] R. Doc. 1, ¶¶ VIII & IX. *See also*, R. Doc. 1, ¶ 25 ("Based on information and belief, SUSAN MCKEY had a policy of uninsured/underinsured motorist coverage with STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY on April 11, 2018. Based on information and belief, the defendant's policy with STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (sic) is inadequate to fully compensate MRS. MCKEY. Therefore, MRS. MCKEY seeks recover for any and all damages from her insurer, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, that exceed the limits of coverage available to defendant and his insurer.").

court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met.

Accordingly,

**IT IS HEREBY ORDERED** that on or before **April 18, 2019**, State Automobile Mutual Insurance Company and Parth Patel shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that on or before **April 29, 2019,** Plaintiff shall file either: (1) a Notice stating that Plaintiff agrees that Removing Defendants have established, by a preponderance of the evidence, that the amount in controversy likely exceeds $75,000.00;[9] or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on April 8, 2019.

                              **ERIN WILDER-DOOMES**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[9] *See*, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).